```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CLAYTON KELVIN UPSHAW,

           Petitioner,

vs.                                    Case No. 2:06-cv-299-FtM-33DNF
                                       Case No. 2:05-cr-71-FTM-33DNF

UNITED STATES OF AMERICA,

           Respondent.
_____/

## ORDER

This matter comes before the Court pursuant to Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1), which was filed on June 19, 2006. Upon consideration of the motion, the Court denies the motion without prejudice because this Court lacks jurisdiction over the motion.

As explained in United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990), this Court lacks jurisdiction over a Defendant's 28 U.S.C. § 2255 motion during the pendency of the Defendant's direct appeal.[1] In the present case, Defendant filed a notice of

---

[1] In Khoury, the defendant filed a motion for post-conviction relief under 28 U.S.C. § 2255 after he had filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972)(per curiam); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the
(continued...)

appeal and amended notice of appeal on April 20, 2006. (Docs. # 532 and 533). Defendant has been assigned USCA case no. 06-12558H. During the pendency of Defendant's appeal, this Court lacks jurisdiction to consider Defendant's motion for relief under 28 U.S.C. § 2255, and accordingly, the motion is denied without prejudice. Defendant may re-file his 28 U.S.C. § 2255 motion when jurisdiction is vested in the district court.

Accordingly, it is

**ORDERED ADJUDGED and DECREED**:

(1) Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) is **DENIED WITHOUT PREJUDICE**.

(2) The Clerk is directed to terminate any pending motions or deadlines, to close the case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>29th</u> day of June, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner
AUSA

---

[1](...continued)
disposition of the appeal may render the motion moot.").